J-S33033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHNATHAN MATTHEWS | |
| Appellant | No. 1568 WDA 2015 |

Appeal from the Judgment of Sentence September 22, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000117-2015

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 05, 2016**

Appellant, Johnathan Matthews, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his open guilty plea to robbery, access device fraud, unlawful restraint, and unauthorized use of automobiles.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On November 10, 2014, Appellant grabbed Audrey Stadler ("Victim") by the throat and forced her into the stairwell of her apartment building at gunpoint.  Appellant subsequently threatened Victim and demanded that

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iii), 4106(a)(1), 2902(a)(1), and 3928(a), respectively.

_____

*Former Justice specially assigned to the Superior Court.

Victim hand over her apartment keys, cell phone, and a set of car keys. Victim complied with Appellant's demands. Upon realizing that Victim had no money with her, Appellant forced Victim upstairs to her apartment to retrieve her ATM card. After Victim retrieved her ATM card, Appellant forced Victim into her boyfriend's car using the car keys Appellant had taken from Victim. Appellant proceeded to drive Victim to Northwest Savings Bank, where Victim withdrew one hundred and sixty dollars ($160.00) from her account and gave it to Appellant. Appellant then drove Victim back to her apartment building and fled the scene.

On February 20, 2015, the Commonwealth charged Appellant with kidnapping, terroristic threats, simple assault, theft by unlawful taking, receiving stolen property, robbery of a motor vehicle, access device fraud, unlawful restraint, unauthorized use of automobiles, and three counts of robbery. On July 7, 2015, Appellant entered an open guilty plea to one count each of robbery, access device fraud, unlawful restraint, and unauthorized use of automobiles, in exchange for the Commonwealth's request that the court enter *nolle prosequi* on the remaining charges against Appellant. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On September 22, 2015, the court sentenced Appellant to concurrent terms of sixty (60) to one hundred and forty four (144) months' incarceration for the robbery conviction, nineteen (19) to sixty (60) months'

incarceration for the access device fraud conviction, seventeen (17) to sixty (60) months' incarceration for the unlawful restraint conviction, and nine (9) to twenty-four (24) months' incarceration for the unauthorized use of automobiles conviction. The sentence imposed for each conviction was in the aggravated range of the sentencing guidelines. At the sentencing hearing, the court stated on the record that it imposed aggravated range sentences because: (1) the offenses involved threats of violence and taking items by force; (2) Appellant has multiple convictions in two other states; and (3) Appellant was on supervision in two other states when he committed the instant offenses. The court further explained it decided to impose Appellant's sentences concurrently because Appellant came forward and took responsibility for his actions by pleading guilty. On September 24, 2015, Appellant timely filed a post-sentence motion, which the court denied on September 25, 2015. On October 6, 2015, Appellant's counsel timely filed a notice of appeal and a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). On January 21, 2016, counsel filed an **Anders** brief and a petition for leave to withdraw as counsel with this Court.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago,** 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record,

counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor *McClendon*[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under *Anders,* the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a

_____

[2] *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981).

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated 1/19/16, attached to Petition for Leave to Withdraw as Counsel.) In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

WHETHER...APPELLANT'S SENTENCE IS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND INCONSISTENT WITH THE OBJECTIVES OF THE SENTENCING CODE?

(**Anders** Brief at 3).

Appellant argues the court failed to consider properly certain mitigating factors when it sentenced Appellant in the aggravated range of the sentencing guidelines for each offense. Appellant specifically contends that his guilty plea and apology to the Victim negated the need for an aggravated range sentence. Appellant also avers the court could have achieved the objectives of the Pennsylvania Sentencing Code without the imposition of sentences in the aggravated range of the sentencing guidelines. Appellant concludes the court's failure to consider these mitigating factors makes his sentences excessive, unreasonable, and inconsistent with the objectives of the Pennsylvania Sentencing Code, and we should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[3] **See Commonwealth v. Lutes,** 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra,** 752 A.2d

_____

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado,** 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans,** 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing

decision to exceptional cases." ***Commonwealth v. Phillips,*** 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Importantly, an appellant's allegation that the sentencing court imposed an aggravated range sentence without consideration of mitigating circumstances raises a substantial question. ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*).

Here, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion and Rule 2119(f) statement; and this claim appears to raise a substantial question as to the discretionary aspects of his sentence. ***See Felmlee, supra***.

Our standard of review of a challenge to the discretionary aspects of

sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id.* "In

particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Commonwealth v. Griffin,** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, the court had the benefit of a PSI report at sentencing. Therefore, we can presume it considered the relevant factors when it sentenced Appellant. **See Tirado, supra** at 368 (holding where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). Additionally, the court stated on the record that it considered the Sentencing Code, the Pennsylvania sentencing guidelines, Appellant's character, and the seriousness of the offenses when it imposed Appellant's sentences. Specifically, the court indicated it decided to sentence Appellant in the aggravated range because of the violent nature of the offenses, Appellant's multiple convictions in two other states, and the fact that Appellant committed the current offenses while under supervision in two other states. Significantly, the court also accounted for Appellant's apology to Victim, and the fact that Appellant took responsibility for his actions, by imposing Appellant's sentences concurrently. Under these circumstances, the court adequately considered the relevant mitigating factors when it imposed Appellant's sentences. Therefore, Appellant's discretionary aspects of

sentencing claim merits no relief. **See Hyland, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Fitzgerald, J. joins this memorandum.

Olson, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/5/2016